# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Matthew Fatehi, | Case No. 0:17-cv-5585-ECT-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| Mayo Clinic; | |
| Defendants. | |

William L. French, 627 Woodhaven Court N.E., Rochester, MN 55906, attorney for Plaintiff.

Alice D. Kirkland, George R. Wood, and Stephanie D. Sarantopoulos, Littler Mendelson, P.C., 80 South 8th Street, Site 1300, Minneapolis, MN 55402, attorneys for Defendant.

Defendant Mayo Clinic filed a motion to compel the plaintiff, Matthew Fatehi, to respond to Mayo Clinic's interrogatories and first request for production of documents. (ECF No. 16.) Mayo Clinic's motion included a request for fees. (*Id.*) Mr. Fatehi did not timely respond to Mayo Clinic's motion. Instead, two days before the hearing on this matter, counsel for Mr. Fatehi, Mr. French, filed an affidavit indicating that he had substantially complied with Mayo Clinic's discovery requests that same day. (ECF No. 22.) Mr. French honestly and candidly informed the Court that the delay was caused by him, and not Mr. Fatehi. (ECF No. 22.) Due to this development, the Court will deny Mayo Clinic's motion to compel without prejudice, and will not, at this time, award fees.

Under Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, if the requested discovery is provided after a motion to compel is filed, the court must order payment of the movant's reasonable expenses, including attorney's fees. However, the court should not order this payment when circumstances "make an award of expenses unjust." *Id.* District courts have broad discretion when determining whether to award fees or other discovery sanctions. *See, e.g.*, *Arnold v. ADT Sec. Servs., Inc.*, 627

F.3d 716, 720 (8th Cir. 2010). The Court understands the frustration and delay caused by Mr. French's late provision of Mr. Fatehi's responses to Mayo Clinic's discovery requests. However, the Court appreciates Mr. French's honesty and candor with the Court, and recognizes that Mr. French's overwhelming workload, and not a willful refusal to participate in discovery, was the factor that caused the delay. Under these circumstances, the Court finds that an award of fees would be unjust. The Court expects that Mr. French will not allow such a delay to happen again.

Because an order compelling discovery is not appropriate at this time, the Court will deny Mayo Clinic's motion to compel. The Court does so without prejudice, recognizing the potential for additional conflict regarding the sufficiency of the responses that have been provided to Mayo Clinic. However, counsel for both Mr. Fatehi and Mayo Clinic are encouraged to work together to resolve any sufficiency issues before bringing them before the Court. Also, the Court encourages the parties to consider bringing any remaining disputes to the Court through its informal approach to discovery disputes, which will help save time and resources.

Based on the foregoing, **IT IS HEREBY ORDERED**:

1. Defendant Mayo Clinic's Motion to Compel, ECF No. 16, is **DENIED WITHOUT PREJUDICE.**

Date: October 5, 2018

*s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge